### 62683. BRADY v. THE STATE.

BANKE, Judge.

The appellant was convicted on five separate charges arising from a high-speed automobile chase which ended when his car hit a tree behind his home. The charges were speeding, reckless driving, driving with license in suspension, laying drags, and fleeing from a police officer. The appellant was not apprehended immediately after the chase but escaped on foot. *Held:*

1. The evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the appellant was the driver of the car which was the object of the chase, and the court did not err in denying a defense motion for directed verdict of acquittal based on the alleged absence of such evidence.

2. The court did not err in allowing the state to cross examine one of its own witnesses, allegedly the appellant's fiance, upon a plea that her testimony was contrary to what she had previously told police. One of the officers involved in the chase testified that the witness had been present in, the appellant's automobile during the chase and had told him subsequently that the reason the driver had fled was because his license was suspended. At trial, however, the witness maintained that she had not been present in the car and that she knew nothing at all about the incident. This was a sufficient showing of surprise to authorize the state to cross examine her. See *Ellenburg v. State,* 239 Ga. 309 (1) (236 SE2d 650) (1977). We are aware of no rule that the witness' prior statement to police must be in writing in order to warrant such cross examination.

3. Appellant's counsel objected at one point that the cross examination was improper because the witness' prior statements to

police constituted hearsay. This objection was patently without merit, and the trial court did not err in so ruling.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 26, 1981.

*G. Hughel Harrison,* for appellant.
*Herbert Jenkins, Jr., Solicitor,* for appellee.